IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3132 |
| vs. | |
| ANGELICA RAMOS TORRES VILLA, | ORDER |
| Defendant. | |

      The defendant has moved to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Filing 49. That section permits the Court to modify a term of imprisonment if the defendant shows "extraordinary and compelling reasons" warranting such a reduction. The Court must consider the 18 U.S.C. § 3553(a) factors, to the extent they are applicable, and reduction of the defendant's sentence must be consistent with U.S.S.G. § 1B1.13. § 3582(c)(1)(A). The Court will deny the defendant's motion.

      The basis for the defendant's motion is her allegation that she "is the only available caretaker for her four minor children of 18 years old and younger at this time." Filing 49 at 18. She claims that the three youngest of her five children[1] are the subject of a dependency proceeding in Colorado because their father has been charged with abusing them. Filing 49 at 18.

      Among the "extraordinary and compelling reasons" that may merit a sentence reduction are "death or incapacitation of the caregiver of the defendant's minor child." § 1B1.13 cmt. n.1(c). And the Court will assume, without deciding, that parental incarceration may be "incapacitation" within

---

[1] Miguel, age 21; Ashley, age 18; and three minors aged 16, 14, and 12. *See* filing 37 at 9.

the meaning of § 1B1.13 cmt. n.1(c). *See United States v. Nazer*, No. 18-CR-783, 2020 WL 2197840, at *4 (N.D. Ill. May 6, 2020) (defining "incapacitate" for purposes of § 1B1.13 cmt. n.1(c)).

But courts generally deny compassionate release when another suitable caregiver is available for the defendant's child. *United States v. Cates*, No. 1:20-CR-223, 2023 WL 167409, at *3 (M.D.N.C. Jan. 12, 2023) (collecting cases); *see also United States v. Watson*, No. 4:18-CR-40018, 2024 WL 1093757, at *3 (D.S.D. Mar. 13, 2024) (collecting cases); *cf. United States v. Laureti*, 859 F. App'x 490, 491 (11th Cir. 2021) (holding that district court did not abuse its discretion in denying compassionate release motion where movant failed to show that another family member was incapable of providing care for his minor children). And here, the record affirmatively demonstrates that the defendant's children are being cared—*well*-cared for—by their adult siblings. Filing 52 at 3-5.

The record also casts substantial doubt on the defendant's ability to care for the children herself, at least in the short term, were she to be released. *See* filing 52 at 2. She was not their primary caregiver before being arrested, and her threadbare release plan would not seem to permit caring for three minor children. *See* filing 52 at 3-4; *see also* filing 49 at 9.

The Court acknowledges the defendant's argument that this situation places a burden on the eldest sibling that, as a 21-year-old man, he shouldn't have to bear. *See* filing 59 at 2. That much is not in question. But what is in question is whether releasing the defendant will do anything to help, and the Court finds little to suggest that any of the children would be better cared for, or better off, were she released—certainly not enough to outweigh the § 3553(a) factors, which continue to weigh in favor of the defendant's term of imprisonment. Accordingly,

IT IS ORDERED that the defendant's motion for compassionate release (filing 49) is denied.

Dated this 13th day of January, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge